UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

        Plaintiff,

   v.

Derrick Baldwin,

        Defendant.

Case No.: 1:24-cr-00098

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court on Defendant Derrick Baldwin's Motion to Suppress (Doc. 17), which the United States opposes (Doc. 20). An evidentiary hearing was held on February 5, 2025. (Criminal Minutes, Doc. 64). Agent Ryan Braun, who is employed by the Hamilton County Sheriff's Office and assigned (since 2020) to the Regional Enforcement Narcotics Unit ("RENU"), testified. The Court admitted into evidence an Ohio Certificate of Title (No. 31 0995 9692) for a 2015 Jaguar that lists Derrick R. Baldwin (1940 Kentucky Ave Apt 2, Cincinnati, OH 45223) as Owner. (*See* Def. Exh. A)[1].

Defendant is charged with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). (*See* Indictment, Doc. 3).[2]

**Relevant Facts**.

Derrick Baldwin became known to Agent Braun through a confidential informant (referred to in the Affidavit for Search Warrant (for 1940 Kentucky Avenue, Apt. 2, Cincinnati, OH 45223) as a "Source of Information" ("SOI")). The SOI told Agent Braun

---

[1] Anqunett Burns and Derrick Burns (2119 Burnet Ave, Cincinnati, OH 45219) are listed as the Previous Owners.

[2] Defense counsel stipulates that his client is under disability.

1

(on **August 4, 2023**) that a male he knew (for 20+ years) as "DRUGS" was currently trafficking narcotics.[3] DRUGS, they said, lived in the Cincinnati neighborhood of Northside and drove a black Jaguar. Shown a photograph of Derrick Baldwin by law enforcement, the SOI identified him to be "DRUGS" and provided a cell phone number (401-301-6099).

**That same day**, a task force officer (working as postal inspector) recovered three outbound packages containing $73,000 in United States currency. According to Agent Braun, outgoing parcels of cash to "source" states is a sign of drug trafficking. All three packages had a return address of 2119 Burnet Ave., Cincinnati, OH 45219. Law enforcement learned (through department resources) that the Burnet Ave. address was associated with a 2015 black Jaguar listing Derrick Baldwin as one of its owners. They also learned that Mr. Baldwin was associated with a second address, 1940 Kentucky Ave., Apt. 2, Cincinnati, OH 45223.

Agents obtained a tracking warrant for the "401" number provided by the SOI. The cellular phone pings led RENU agents to set up a physical surveillance (on **August 22, 2023**) near 814 E. Mitchell Ave., Cincinnati, OH 45229, where the black Jaguar (bearing Ohio license plate JYS4201) was observed (**at 5:15 AM**). Through Carfax, agents learned that a different Ohio license plate (JNJ9467) was registered to the Jaguar; the VIN for both, however, was the same. Agents conducted a trash pull, as it was a regularly scheduled date for trash collection. They recovered evidence of drug trafficking from the discarded trash.

---

[3] According to the SOI, DRUGS typically would carry two or more kilograms of narcotics for sale: fentanyl (known on the streets as "WAP") and powder cocaine (known on the streets as "SOFT").

2

Pings led RENU agents back to 814 E. Mitchell Ave. (**at 1:30 PM**) **later that day**. The Jaguar (bearing Ohio license plate JYS4201) was parked in the rear of the residence. A black male, joined by a black female, drove away in the Jaguar. Agents lost sight of the vehicle, but then found it (**at 2:16 PM**) in the lot at the United Dairy Farmers (located at the corner of Dana Ave. and Montgomery Rd.). A short time later, physical surveillance was terminated.

Cellular phone pings associated with Derrick Baldwin prompted physical surveillance **the next day** (**August 23, 2023**) beginning **at 7:00 AM**. Agents observed the black Jaguar (bearing Ohio license plate JYS4201) at 814 E. Mitchell Ave., this time parked in front of the residence. A black female (wearing scrubs) was dropped off at the home by (an individual driving) a blue Jeep. Two hours later (**at 9:05 AM**), a black male came outside with a grey pit bull (canine). He inspected the outside of a silver Toyota Camry (bearing Ohio license plate JZY8063), as well as the outside of the black Jaguar. Over the next 45 minutes, agents observed the black female and the black male throw trash bags into the trash can. A short time later, physical surveillance was terminated.

Physical surveillance resumed at 814 E. Mitchell Ave. on **August 28, 2023** (**at 1:00 PM**). Agents observed (who was later identified as) Jarmon Hargrove[4] arrive (**at 1:27 PM**) in the black Jaguar (bearing Ohio license plate JYS4201), which he parked in front of the residence. Some 15 minutes later (**at 1:46 PM**), Harmon walks out of the residence while talking on his cell phone. He immediately re-enters the residence, then reappears

---

[4] Jarman Hargrove has been indicted in the Southern District of Ohio on two counts of possession with intent to distribute a controlled substance (fentanyl, cocaine) and one count of possession of a firearm by a prohibited person. *See United States of America v. Jarman Hargrove*, No. 1:24-cr-00027-MWM (S.D. Ohio Mar. 20, 2024). His case remains pending.

3

outside, as if he had forgotten keys to the Jaguar. Physical surveillance was terminated shortly after Jarman Harmon drove away.

Agents conducted a trash pull on **August 29, 2023**, as it was a regularly scheduled date for trash collection. They recovered evidence of drug trafficking from the discarded trash.

Physical surveillance resumed at 814 E. Mitchell Ave. on **August 31, 2023** beginning at **8:00 AM**. At the time, agents observed the black Jaguar (bearing Ohio license plate JYS4201) parked in front of the residence. Some 20 minutes later (**at 8:21 AM**), Jarmon Hargrove was seen in the driveway next door (at 812 E. Mitchell Ave.). Hargrove thereafter entered 814 E. Mitchell Ave. through the front door, carrying a large blue duffel/laundry bag (**at 8:30 AM**). Electronic surveillance placed Derrick Baldwin in the area of 814 E. Mitchell Ave. **at 8:35 AM**. Physical surveillance was terminated shortly **after 9:06 AM**.

Agents conducted a trash pull on **September 6, 2023**, as it was a regularly scheduled date for trash collection. They recovered evidence of drug trafficking from the discarded trash.

Physical surveillance resumed at 814 E. Mitchell Ave. on **September 6, 2023** (**at 6:00 AM**). At this time, agents observed the black Jaguar (bearing Ohio license plate JYS4201) parked in the rear of the residence. Jarmon Hargrove exited the residence (**at 8:20 AM**); he then drove away in the Toyota Camry (bearing Ohio license plate JZY8063).

On **September 7, 2023** (**at 7:38 AM**), agents conducted a traffic stop of Hargrove driving the Toyota Camry (bearing Ohio license plate JZY8063) once he left the residence at 814 E. Mitchell Ave. A search warrant executed **that day** at 814 E. Mitchell Ave.

4

returned several firearms, a money counter, and 4½ kilograms of cocaine.  A search of the black Jaguar (bearing Ohio license plate JYS4201) was conducted then as well, where agents found 9 kilograms of cocaine (plus fentanyl) in the trunk.

Agent Braun testified that Hargrove told law enforcement that the black Jaguar belonged to Derrick Baldwin and denied that the drugs found in the trunk were his (that is to say, Hargrove's).  When asked if they were Mr. Baldwin's, Hargrove told law enforcement they were on the "right" path.

Agents arrested Derrick Baldwin at a nearby gas station (Thornton's) on Tennessee Ave **that same day**.  Law enforcement then interviewed him at Cincinnati Police District 1.  After he was Mirandized, Mr. Baldwin denied having any drugs at his residence (1940 Kentucky Avenue, Apt. 2, Cincinnati, OH 45223), but said that the officers would find a gun there.  Law enforcement obtained a search warrant for the property, where they found the firearm that underpins the Indictment.

**Law & Analysis**.

At issue is whether there was probable cause for Derrick Baldwin's warrantless arrest.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. amend IV.  "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) (citing *United States v. Watson*, 423 U.S. 411, 417–24 (1976); *Brinegar v. United States*, 338 U.S. 160, 175–76 (1949)).  "Whether probable cause exists depends upon the reasonable

conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Id.* (citing *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)). "'Generally, probable cause exists when the police have "reasonably trustworthy information … sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense."'" *Ouza v. City of Dearborn Heights*, 969 F.3d 265, 279 (6th Cir. 2020) (quoting *Gardenhire v. Schubert*, 205 F.3d 303, 315 (6th Cir. 2000) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)) (alteration in original)). To this end, an arresting officer must consider the "totality of the circumstances". *Id.* (quoting *Gardenhire*, 205 F.3d at 318).

They began here with a reliable informant identifying a picture of Derrick Baldwin as someone they had known (for an appreciable period of time) as "DRUGS" who was currently trafficking narcotics. The informant provided a cell phone number for "DRUGS" and added that he (that is to say, "DRUGS"), drove a black Jaguar. At the same time, a task force officer recovered outbound packages containing large amounts of currency; the packages all bore the same return address, which was associated with Baldwin and his Jaguar. A tracking warrant for Derrick Baldwin's cell phone led RENU agents to the residence at 814 E. Mitchell Ave, where they watched the Jaguar come and go. Multiple trash pulls from the residence returned evidence of drug trafficking.

Agents eventually learned that Jarmon Hargrove was the black male driving the Jaguar. He also drove a Toyota Camry. Hargrove was pulled over in the Camry. Meanwhile, 814 E. Mitchell Ave. was searched (pursuant to a warrant), where guns and drugs were found. The Jaguar that was registered to Derrick Baldwin also was searched; a considerable amount of cocaine and fentanyl was found. Hargrove denied that the

narcotics were his and pointed the finger at Baldwin. All this, plus Derrick Baldwin had a record.

Probable cause "is not a high bar," see *Kaley v. United States*, 571 U.S. 350, 338 (2014), and it has been met here. This is all the Constitution requires. The black Jaguar was tied to drug trafficking, and as far as the agents knew at the time of his arrest, Derrick Baldwin (and not Jarman Hargrove) owned it. Defense counsel's suggestion notwithstanding, agents had sufficient probable cause to detain Mr. Baldwin, even if they didn't witness him engage in suspicious hand-to-hand transactions at various gas stations or find his fingerprints on items recovered from the trash pull.

**Conclusion.**

For the preceding reasons, Defendant Derrick Baldwin's Motion to Suppress (Doc. 17) is hereby **DENIED**.

   **IT IS SO ORDERED.**

                                                /s/ *Michael R. Barrett*
                                                JUDGE MICHAEL R. BARRETT